IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

and

RENEE JONES,
DEANNA YARBROUGH,
K.B., MINOR CHILD,
AND K.Y., MINOR CHILD,

    Intervenor-Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　No. 1:18-cv-01249-JDB-jay

CHAD DAVID ABLES,
D/B/A POPS COVE,

    Defendant.

---

### ORDER DENYING INTERVENOR-PLAINTIFFS' MOTION TO STRIKE
---

Before the Court is the June 6, 2019, motion of Intervenor-Plaintiffs, Renee Jones, Deanna Yarbrough, and their minor children, to strike Defendant Ables's third affirmative defense from his answer to Intervenor-Plaintiffs' complaint. (Docket Entry "D.E." 33.) Ables filed his response opposing the motion on June 21, 2019. (D.E. 35.)

### BACKGROUND

The United States of America, Plaintiff, initiated this action on December 20, 2018, against Defendant, Chad David Ables, seeking to enforce certain provisions of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or "FHA") on behalf of Renee Jones, Deanna Yarbrough, and their two minor children. (D.E. 1.) On April 25, 2019, Jones, Yarbrough, and

1

their minor children (collectively, "Intervenor-Plaintiffs" or "Jones and Yarbrough") filed a motion to intervene, which this Court granted. (D.E. 19, 28.) Intervenor-Plaintiffs filed their complaint on April 24, 2019. (D.E. 15.)

Ables owns and operates residential rental properties in Henderson County, Tennessee, including a multi-family trailer park ("Pops Cove") in Lexington, Tennessee. (D.E. 15-5 at ¶¶ 5–6; D.E. 29 at ¶¶ 5–6.) According to the parties, Jones and Ables entered into an oral contract for residency at Pops Cove, although the exact date is disputed. (D.E. 15-5 at ¶ 10; D.E. 29 at ¶ 10.) The present case arises from this residential lease agreement.

Intervenor-Plaintiffs allege that, during the months of October to December 2017, Defendant subjected them to discrimination on the basis of sex in violation of the FHA. (D.E. 15-5 at PageID 68–73.) According to the complaint, Ables offered to waive Jones and Yarbrough's rent obligation in exchange for sex or "sexually explicit photographs and videos" of the two. (*Id.* at ¶ 14.) Intervenor-Plaintiffs contend that Defendant increased their rent, attempted to illegally evict them, and physically severed the water connection to their residence due to their resistance to Ables's sexual advances. (*Id.* at ¶ 51.)

Based on Defendant's alleged conduct, Jones and Yarbrough assert six causes of action: (1) that Ables, in violation of 42 U.S.C. § 3604(a), discriminated against them based on sex "by making housing unavailable" after Jones and Yarbrough "repeatedly refused Ables's demands for sexually suggestive or nude photographs"; (2) that Defendant violated 42 U.S.C. § 3604(b) by discriminating against Intervenor-Plaintiffs "in the terms, conditions, or privileges of the rental of a dwelling because of sex" when Defendant "repeatedly turned off the water connection" to their residence; (3) that Ables discriminated against Jones and Yarbrough in violation of 42 U.S.C. § 3604(c) "by making numerous statements . . . that indicated a preference, limitation or

discrimination because of sex or an intention to make any such preference, limitation or discrimination," such as statements requesting sexually explicit pictures and videos, statements requesting sexual relations, and statements concerning Intervenor-Plaintiffs' sexual lifestyle; (4) that Defendant, in violation of 42 U.S.C. § 3617, coerced, intimidated, threatened, or interfered with Intervenor-Plaintiffs "on account of their having exercised or enjoyed their rights granted or protected" by the Fair Housing Act; (5) breach of quiet enjoyment; and (6) breach of contract. (D.E. 15-5, ¶¶ 62–67.)

In response to Intervenor-Plaintiffs' complaint, Defendant raised five affirmative defenses in his answer. (D.E. 29.) At issue is Ables's third affirmative defense in which he asserts a blanket denial that he "did not discriminate against any person in any manner or engage in any of the alleged unlawful behaviors." (*Id.* at PageID 146–47.) Moreover, Defendant avers that "Intervenor-Plaintiffs, upon information and belief, were selling illegal drugs out of the subject property which posed a direct threat to the health and safety of others." (*Id.*)

Intervenor-Plaintiffs now seek to strike Defendant's third affirmative defense, arguing that the first sentence "is merely a repeated general denial of the allegations," as asserted in Ables's second affirmative defense, and "should be stricken as a 'redundant . . . matter.'" (D.E. 33, PageID 159.) As to the second sentence, Jones and Yarbrough contend that allowing "a naked allegation" that they sold illegal drugs on the property would cause undue prejudice and, "even if it were true, 'would not . . . constitute a valid defense to the action.'" (*Id.* (quoting *Bivens v. Piatt*, 2015 WL 7878504, at *2 (D. Md. Dec. 4, 2015)).)

Ables concedes that the first sentence of his third defense is repetitive but argues that its purpose is to show that he had "other purposes for evicting [Jones and Yarbrough] from the subject property." (D.E. 35-1, PageID 170–71.) Regarding his allegation of illegal drug sales, Defendant

3

points to Tenn. Code Ann. § 66-28-517, which permits a landlord to terminate a rental agreement "if the tenant . . . behaves in a manner which constitutes or threatens to be a real and present danger to the health, safety or welfare of the life or property of other tenants . . . or creates a hazardous or unsanitary condition on the property that affects the health, safety or welfare or the life or property of other tenants . . . ." Tenn. Code Ann. § 66-28-517(a)(2)–(3). Despite the fact that this statute does not apply to the property at issue,[1] Ables avers that "the principals of this statute must apply." (D.E. 35-1, PageID 170.) Defendant maintains that the illegal sale of drugs is a valid defense because, if proven, it would constitute a real and present danger to others on the property and, "[d]epending on the type of drugs that were being sold," could create a hazardous or unsanitary condition. (*Id.*)

## ANALYSIS

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The decision to grant or deny a motion to strike is within the sound discretion of the district court. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 846 (6th Cir. 2011). Motions to strike affirmative defenses are disfavored and should be granted only when "the pleading to be stricken has no possible relation to the controversy." *Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). A court will not grant a motion to strike "if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (citation omitted).

---

[1] Tennessee's Uniform Residential Landlord and Tenant Act "applies only in counties having a population of more than seventy-five thousand." Tenn. Code Ann. § 66-28-102(a).

4

Such a motion should be granted only if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense . . . ." *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)).

Although neither party cites to any relevant legal authority, Tennessee law appears to provide grounds for terminating lease agreements separate from its Uniform Residential Landlord and Tenant Act. *See* Tenn. Code Ann. § 66-7-109(d)(2) (permitting the termination of a residential tenancy if the tenant "engages in any drug-related criminal activity"). Accordingly, if what Defendant alleges is proven, it could support his position that he had a non-discriminatory purpose for evicting Jones and Yarbrough. As such, it is not clearly apparent that Ables's defense is inadequate as a matter of law. Therefore, Intervenor-Plaintiffs' motion to strike is DENIED.

IT IS SO ORDERED this 4th day of September 2019.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE