IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

and

RENEE JONES,
DEANNA YARBROUGH,
K.B., MINOR CHILD,
and K.Y., MINOR CHILD,

    Intervenor-Plaintiffs,

v.                                                                                                                                  No. 1:18-cv-01249-JDB-jay

CHAD DAVID ABLES,
D/B/A POPS COVE,

    Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
INTERVENOR-PLAINTIFFS' STATE-LAW CLAIMS
_____

Before the Court is the August 21, 2019, motion of Defendant, Chad Ables, to dismiss Intervenor-Plaintiffs' breach of contract claim and breach of quiet enjoyment claim for lack of subject matter jurisdiction. (Docket Entry "D.E." 44.) Intervenor-Plaintiffs responded in opposition to the motion on September 19, 2019. (D.E. 46.)

**BACKGROUND**

The United States of America, Plaintiff, initiated this action on December 20, 2018, against Defendant, Chad David Ables, seeking to enforce certain provisions of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or "FHA") on behalf of Renee Jones, DeAnna

Yarbrough, and their two minor children. (D.E. 1.) On April 25, 2019, Jones, Yarbrough, and their minor children (collectively, "Intervenor-Plaintiffs" or "Jones and Yarbrough") filed a motion to intervene, which this Court granted. (D.E. 19, 28.) Intervenor-Plaintiffs filed their complaint against Ables on April 24, 2019. (D.E. 15.)

Defendant owns and operates residential rental properties in Henderson County, Tennessee, including a multi-family trailer park ("Pops Cove") in Lexington, Tennessee, which is part of Henderson County. (D.E. 15-5 at ¶¶ 5–6.) In 2017, Jones and Ables entered into an oral contract for residency at Pops Cove. (D.E. 15-5 at ¶ 10.) The present case arises from Jones and Yarbrough's tenant relationship with Defendant. Intervenor-Plaintiffs allege that, during the months of October to December 2017, Ables subjected them to discrimination on the basis of sex in violation of the FHA. (D.E. 15-5 at PageID 68–73.) According to the complaint, the landlord offered to waive Jones and Yarbrough's rent obligation in exchange for sex or "sexually explicit photographs and videos" of the two. (*Id.* at ¶ 14.) Intervenor-Plaintiffs contend that Defendant increased their rent, attempted to illegally evict them, and physically severed the water connection to their residence due to their resistance to Ables's sexual advances. (*Id.* at ¶ 51.)

Based on Defendant's alleged conduct, Jones and Yarbrough assert six causes of action: (1) that Ables, in violation of 42 U.S.C. § 3604(a), discriminated against them based on sex "by making housing unavailable" after Jones and Yarbrough "repeatedly refused Ables's demands for sexually suggestive or nude photographs"; (2) that Defendant violated 42 U.S.C. § 3604(b) by discriminating against Intervenor-Plaintiffs "in the terms, conditions, or privileges of the rental of a dwelling because of sex" when Defendant "repeatedly turned off the water connection" to their residence; (3) that Ables discriminated against Jones and Yarbrough in violation of 42 U.S.C. § 3604(c) "by making numerous statements . . . that indicated a preference, limitation or

discrimination because of sex or an intention to make any such preference, limitation or discrimination," such as statements requesting sexually explicit pictures and videos, statements requesting sexual relations, and statements concerning Intervenor-Plaintiffs' sexual lifestyle; (4) that Defendant, in violation of 42 U.S.C. § 3617, coerced, intimidated, threatened, or interfered with Intervenor-Plaintiffs "on account of their having exercised or enjoyed their rights granted or protected" by the Fair Housing Act; (5) breach of quiet enjoyment; and (6) breach of contract. (D.E. 15-5, ¶¶ 62–67.) On August 21, 2019, Ables filed a motion to dismiss Jones and Yarbrough's breach of quiet enjoyment and breach of contract claims for lack of subject matter jurisdiction. (D.E. 44.)

## ANALYSIS

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The federal district court has original jurisdiction in two circumstances: (1) where diversity jurisdiction exists; and (2) in "all civil actions arising under the Constitution, laws, or treaties of the United States," referred to as federal question jurisdiction. 28 U.S.C. §§ 1331–32.

The United States initiated this suit to enforce the FHA. Intervenor-Plaintiffs joined the litigation with the six claims previously listed. Thus, the instant matter is before this Court on federal question jurisdiction grounds.

In an action over which the district court has original jurisdiction, it may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Soehnlen v. Fleet*

*Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004)). "This requirement is met when state and federal law claims arise from the same contract, dispute, or transaction." *Soehnlen*, 844 F.3d at 588 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988)).

However, district courts may decline to exercise supplemental jurisdiction over such related claims if:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Additionally, "[t]he district court's decision to exercise supplemental jurisdiction 'depends on judicial economy, convenience, fairness, and comity.'" *Frodge v. City of Newport*, 501 F. App'x 519, 534 (6th Cir. 2012) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996)).

In support of his motion, Defendant cites Article III, Section 2 of the United States Constitution and asserts that Intervenor-Plaintiffs' breach of contract and breach of quiet enjoyment claims do not fall within any of the cases or controversies listed therein. (D.E. 44-1 at PageID 233–34.) Ables avers that this Court lacks subject matter jurisdiction given that "[t]hese claims are state law claims between citizens of the same state regarding allegations arising in the same state." (*Id.* at PageID 234.) Defendant further contends that Jones and Yarbrough's state claims should be dismissed because they are pending in a previously filed state proceeding. (*Id.*)

4

Intervenor-Plaintiffs respond that Ables "ignores the Congressional grant of Supplemental Jurisdiction under 28 U.S.C. § 1367" and assert that exercising supplemental jurisdiction is appropriate as all six of their claims "stem from Intervenor-Plaintiffs' tenancy under the Defendant." (D.E. 46-1 at PageID 245–46.) As to Ables's second basis for dismissal, Jones and Yarbrough concede that they filed a complaint in the Henderson County General Sessions Court on December 20, 2017, for "two causes of action stemming from Tennessee Contract Common Law," which included a request for an emergency temporary restraining order. (*Id.* at PageID 245.) However, Intervenor-Plaintiffs claim that they contacted the state-court clerk who advised them that the court did not consider the December 20th complaint to have been filed. (*Id.* at PageID 246.) Thus, Jones and Yarbrough contend that "[c]laims considered to have not been filed, cannot properly be considered pending." (*Id.*)

The Court finds that exercising supplemental jurisdiction over Jones and Yarbrough's breach of contract and breach of quiet enjoyment claims is inappropriate. Although Intervenor-Plaintiffs' claims arise from the same fact pattern, their residency at Pops Cove, the Court concludes that the prior existence of Intervenor-Plaintiffs' state-court assertions is a compelling reason for declining to exercise jurisdiction over those same claims. *See Musson Theatrical, Inc.*, 89 F.3d at 1256 (finding the presence of a pending state action to be an "extremely compelling" reason for declining to exercise supplemental jurisdiction); *see also Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) ("Comity to state courts is considered a substantial interest[.]"). Intervenor-Plaintiffs filed their action in Henderson County nearly two years ago. In contrast, they filed their complaint in this case less than six months ago. Despite Jones and Yarbrough's contention that the state-court clerk does not consider their case pending, the authority to resolve their case rests with the presiding judge—not the court clerk. As the Sixth

Circuit stated in *Musson*, "the insult to comity is greater when a federal court decides state claims that are already on a state court's docket." *Id.* Accordingly, the Court declines to exercise supplemental jurisdiction over Intervenor-Plaintiffs' state-law claims.

Defendant's motion to dismiss is therefore GRANTED, and Jones and Yarbrough's state-law claims are DISMISSED without prejudice.

IT IS SO ORDERED this 8th day of October 2019.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE