IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> and <br><br> DEANNA YARBROUGH, K.B., MINOR CHILD, AND K.Y., MINOR CHILD, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> CHAD DAVID ABLES, D/B/A POPS COVE, <br><br> Defendant. | Case No.: 1:18-cv-01249-JDB-jay |

ORDER GRANTING PLAINTIFF UNITED STATES' MOTION IN LIMINE TO ADMIT
DEPOSITION OF SHELIA TEAGUE INTO EVIDENCE

Before the Court is the May 13, 2022, motion of Plaintiff, the United States, seeking to admit designated deposition testimony of United States' witness Shelia Teague. (Docket Entry ("D.E.") 134.) Counsel for Defendant, Chad David Ables, filed his own motion in limine on May 13, 2022, in which he made scant argument as to why the Government's motion should be denied and why Teague should testify in person during trial. (D.E. 137.) In an order entered on August 4, 2022, this Court ordered Defendant to file an appropriate response to the Government's motion. (D.E. 155.) On September 2, 2022, Defendant submitted a response. (D.E. 160.) Plaintiff filed a reply on September 12, 2022. (D.E. 161.)

**MOTION IN LIMINE STANDARD**

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question. The trial court may, within its discretion, provide such guidance by making a preliminary ruling with respect to admissibility." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). While "[t]he Federal Rules of Evidence do not specifically contemplate the use of motions in limine, . . . their use has evolved under the federal courts' inherent authority to manage trials." *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008) (citing *Luce*, 469 U.S. at 41 n.4). "The purpose of a motion *in limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible." *Auto Konnect, LLC v. BMW of N. Am., LLC*, Case No. 18-14019, 2022 WL 1724497, at *6 (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). A ruling in limine is "no more than a preliminary, or advisory, opinion" that the court may change "at trial for whatever reason it deems appropriate," as "facts may . . . come to the district court's attention which it did not anticipate at the time of its initial ruling." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d at 1239).

**ARGUMENTS OF PARTIES AND ANALYSIS**

The Government relies on Rule 32 of the Federal Rules of Civil Procedure ("FRCP") and Rule 804 of the Federal Rules of Evidence ("FRE") which govern the admissibility of deposition testimony when a witness is unavailable for trial. (*Id.* at PageID 658-59.) Defendant likewise cites these rules in support of his argument. (D.E. 160-1 at PageID 1046-47.)

Rule 32(a)(1) of the FRCP permits:

At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

(A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

(C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1).

### A. Defendant was Present at Teague's Deposition

To satisfy subsection (A) of this rule, Defendant must have been present or represented at the taking of Teague's deposition. Both Ables and his counsel were present at the deposition of Teague taken on December 5, 2019. (D.E. 134-5 at PageID 677.)

### B. Teague's Deposition was Lawful and Defendant had an Opportunity to Cross-Examine

Subsection (B) requires that the deposition be "admissible under the Federal Rules of Evidence if the deponent were present and testifying[.]" Fed. R. Civ. P. 32(a)(1)(B). Hearsay is "a statement [which may include a written assertion] that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(a), (c). Generally, hearsay is inadmissible, and the United States agrees that Teague's testimony is hearsay. (D.E. 134-1 at PageID 661.)

The Government argues, however, that Teague's testimony is admissible under the "former testimony exception to the general rule against hearsay." (*Id.*) Under that exception, the hearsay testimony of an unavailable witness "may be admitted if it 'was given as a witness at a trial, hearing, or lawful deposition' and 'is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination.'" *Peppers v. Washington Cnty.*, 686 F. App'x 328, 332 (6th Cir. 2017) (quoting Fed. R. Evid. 804(b)(1)). "A declarant is

3

considered to be unavailable as a witness if the declarant: . . . cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness[.]" Fed. R. Evid. 804(a)(4). Thus, Teague's hearsay testimony will be admissible under the FRE if (1) the deposition was lawful; (2) Defendant had an opportunity and similar motive to develop the testimony; and (3) Teague is unavailable.

The United States asserts, and Ables does not object, that the deposition was "undoubtedly lawful" as it was arranged by Defendant and agreed to by both parties. (D.E. 134-1 at PageID 661.) Ables likewise does not clearly dispute that he had an opportunity and similar motive to develop Teague's testimony. The only potential objection Defendant makes is that the deposition "was taken for discovery, not evidentiary purposes." (D.E. 160-1 at PageID 1048.) This assertion is unsupported by any citation and the distinction is irrelevant as Rule 32 of the FRCP allows using depositions in court proceedings without reference to the underlying motive. Thus, despite Defendant's potentially contrary contention, he had an opportunity and similar motive to develop Teague's testimony.

### C. Teague is an Unavailable Witness

At the heart of the United States' motion and Ables's response is whether Teague is unavailable as a witness because of illness. Under the FRCP, "[a] party may use for any purpose the deposition of a witness . . . if the court finds . . . that the witness cannot attend or testify because of age, illness, [or] infirmity . . . ." Fed. R. Civ. P. 32(a)(4). Similarly, under the FRE, a witness is unavailable if he or she "cannot be present or testify at the trial or hearing because of . . . a then-existing infirmity [or] physical illness[.]" Fed. R. Evid. 804(a)(4). "The determination of admissibility of deposition testimony based on the unavailability of the witness is a matter left to

4

the discretion of the trial judge." *United States v. Campbell*, 845 F.2d 1374, 1378 (6th Cir. 1988). Thus, to satisfy both subsection (B) and (C) of Rule 32(a)(1) of the FRCP, Teague must be unavailable to testify because of an infirmity or illness.

To make this showing, the Government provides letters from various physicians who have treated Teague and express concern at her ability to appear for in-person testimony given her severe health conditions. To dispute Teague's unavailability, Defendant relies on two cases. Ables argues for applying the rationale of *Acosta* where the Eleventh Circuit Court of Appeals found that a criminal defendant had failed to establish the unavailability of a witness who testified in a pretrial suppression hearing. *United States v. Acosta*, 769 F.2d 721 (11th Cir. 1985). There, however, the court determined that the defendant had failed because he relied solely on his own statement that the witness's child was sick. *Id.* at 723. Here, the United States has provided several signed letters from physicians attesting to Teague's present and deteriorating physical condition.

Next, Ables points to *Peterson v. United States*, 344 F.2d 419 (5th Cir. 1965) for the proposition that "temporary illness or disability of a witness is not sufficient to justify admission of prior testimony without a showing that a continuance would not resolve the problem." (D.E. 160-1 at PageID 1048.) There, the Fifth Circuit found that the witness was "unavailable at the time of trial because of her pregnancy[,]" but given the "seriousness of the charges[,] . . . if the Government desired to use [the witness's] testimony, it should have requested a continuance to a time when she could probably be present." *Peterson*, 344 F.2d at 425. Here, Teague's unavailability is caused not by a temporary medical condition, but by chronic and severe illness. Furthermore, the Fifth Circuit explicitly did not adopt the rule that Defendant suggests. *Id.* ("We need not prescribe in this case the exact dimensions of the rule . . . .")

Ables next makes several arguments against Teague's unavailability without citation. First, Defendant argues that because the United States has not shown that the witness has refused to testify, Teague is not unavailable. (D.E. 160-1 at PageID 1048.) Under the FRE, however, witness unavailability may be established by any of five independent and sufficient criteria including a finding that a witness has refused to testify despite a court order or that a witness's then-existing illness or infirmity prevents him or her from appearing. Fed. R. Evid. 804(a).

Next, Defendant claims that his own medical condition is "similar, if not identical and worse . . . than" Teague's. (D.E. 160-1 at PageID 1048.) Of course, and as the United States notes, this assertion is irrelevant as to whether the Governments' motion should be allowed as it is Teague's health that is considered, not Defendant's. (D.E. 161 at PageID 1054.)

Ables further argues that because Teague "was able to attend her deposition . . . at the time" it was taken that Teague is not unavailable. (D.E. 160-1 at PageID 1048.) However, according to letters from medical professionals who have treated the witness, her health has deteriorated significantly since she was deposed on December 5, 2019. (D.E. 134-8 at PageID 807; D.E. 134-9 at PageID 809.) A witness who "cannot be present or testify *at the trial* . . . because of . . . a *then-existing* . . . illness" is deemed unavailable regardless of their health condition years before their potential appearance. Fed. R. Evid. 804(a)(4) (emphasis added). Therefore, Defendant's argument regarding Teague's previous health fails.

Defendant also insists that "Teague's credibility is at issue" due to her "bi-polar disorder as well as major depressive disorder" and that "[a]llowing her to avoid testifying at trial . . . will deprive the trier of fact of the critical ability to evaluate her credibility at trial." (D.E. 160-1 at PageID 1048-49.) As the United States notes, Teague disclosed these diagnoses during her

6

deposition and Defendant thus had the opportunity to cross-examine her at that time. (D.E. 134-5 at PageID 686, 698.) Indeed, when considering whether a witness is unavailable, "the Court's concern is with infirmity rather than competence or credibility." *Sheetz v. Wal-Mart Stores, Inc.*, No.4:15-CV-02210, 2018 WL 8344383, at *1 (M.D. Pa. Mar. 28, 2018). For these reasons, Defendant's argument regarding Teague's credibility fails.

Finally, Defendant argues that "no evidence about the witness's health issues has been offered by the United States to support" Teague's unavailability "other than inadmissible letters purported to be authored by various medical providers of the witness." (D.E. 160-1 at PageID 1048.) However, a determination of witness unavailability is a preliminary question that this Court may decide with evidence that may be found to be inadmissible during trial. Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether . . . evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."). Additionally, as the United States notes, courts frequently rely upon letters and records from medical professionals when determining a witness's availability. *See, e.g.*, *United States v. McGowan*, 590 F.3d 446, 455 (7th Cir. 2009) (finding letters indicating the witness's "chronic and deteriorating . . . medical problems" established unavailability); *Sheetz*, 2018 WL 8344383, at *1 ("The Court is not trained to offer medical judgment and must rely on the statements of capable physicians."); *United States v. Pioch*, Case No. 3:14CR403, 2016 WL 8715918, at *2-3 (N.D. Ohio Oct. 27, 2016) (finding observation notes from a home healthcare provider established a witness's unavailability); *United States v. Ahmed*, No. 14-CR-277 (DLI), 2016 WL 3653961, at *2 (E.D.N.Y. July 1, 2016) ("[A] doctor's note suffices to establish unavailability under Rule 804(a)(4) . . . .").

The letters from medical providers who have treated Teague are sufficient to establish her

unavailability by physical illness. In a September 13, 2021, letter Dr. Kumar Yogesh wrote that Teague has a "history of severe COPD and asthma overlap" such that she requires "oxygen therapy 24/7" and is "unable to walk or stand more than 15-20 minutes . . . [and] cannot participate in jury duty." (D.E. 134-6 at PageID 801.) In a letter dated that same month a nurse practitioner, Heidi Flowers, indicated that she was currently treating Teague and noted her "long history of [COPD] along with lower extremity peripheral neuropathy." (D.E. 134-7 at PageID 804.) Ms. Flowers indicated that Teague's health was so poor that "[s]he is unable to sit, stand or walk for long periods of time . . . ." (*Id.*)  Ms. Flowers wrote again on May 4, 2022, and reported that Teague's condition had deteriorated such that she "was on life support for approximately one week." (D.E. 134-8 at PageID 807.)  That same month, Angelia Doyle, a social worker working with Teague, observed that she had "experienced a severe decline in her physical health in the last year" and requested that Teague "do a deposition in lieu of any court appearances . . . considering her declining health conditions and diagnosis." (D.E. 134-9 at PageID 809.)  The United States will "supplement information concerning Ms. Teague's health with more recent letters from medical practitioners within thirty days of trial." (D.E. 161 at PageID 1053 n.1.) The Government has submitted ample evidence supporting a finding of Teague's unavailability given her debilitating medical state. Defendant has failed to offer contrary evidence.

## CONCLUSION

In consideration of the foregoing, the United States has met its burden under Rule 32(a)(1) of the Federal Rules of Civil Procedure and has established the witness's unavailability under Rule 804(a)(4) of the Federal Rules of Evidence. Therefore, the United States' motion to admit deposition designations of witness Shelia Teague (D.E. 134) is hereby GRANTED.

    IT IS SO ORDERED, this 19th day of September 2022.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE