IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

and

DEANNA YARBROUGH,                            No. 1:18-cv-01249-JDB-jay
K.B., MINOR CHILD,
AND K.Y., MINOR CHILD

    Plaintiff-Intervenors,

v.

CHAD DAVID ABLES
D/B/A POPS COVE,

    Defendant.

---

### ORDER GRANTING MOTION FOR ATTORNEY FEES

Before the Court is Plaintiff-Intervenor's Motion for Attorney Fees. ECF No. 179.[1] The Motion seeks an award of $198,750 for fees, and an additional $9,460.47 for costs, pursuant to 42 U.S.C. § 3613(c)(2) and Federal Rule of Civil Procedure 54(d). ECF No. 179 at 2. Defendant "opposes any award of attorney fees and costs to Plaintiff-Intervenor." ECF No. 182 at 1. Plaintiff takes no position as to the amount awarded to Plaintiff-Intervenor. ECF No. 181 at 1. The Court **GRANTS** Plaintiff-Intervenor's Motion and awards Plaintiff-Intervenor $9,460.47 in costs and $92,700 in fees.

---

[1] This Motion was referred to the undersigned for determination. ECF No. 180.

## I. APPLICABLE LAW

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party may be awarded costs associated with litigation "[u]nless a federal statute, [the Federal Rules], or a court order provides otherwise . . . ." FED. R. CIV. P. 54(d)(1). Prevailing parties may also recover attorney fees. FED. R. CIV. P. 54(d)(2). In litigation relating to federal fair housing protections, federal law expressly allows for the recovery of "reasonable attorney's fee[s] and costs" by prevailing parties. 42 U.S.C. § 3613(c)(2). To properly move for such an award, the prevailing party must submit the motion within fourteen days after the entry of judgment, specify the grounds that entitle the party to the award, provide the amount requested, and if required, disclose any agreement regarding fees. FED. R. CIV. P. 54(d)(2)(B).

Plaintiff-Intervenor in this case participated in a lawsuit against Defendant for various violations of the Fair Housing Act. ECF No. 15; ECF No. 28. The threshold question is whether Plaintiff-Intervenor qualifies as a prevailing party such that she may be entitled to an award. FED. R. CIV. P. 54(d)(2)(B). Where there is a "material alteration of the legal relationship" between the parties, one party will be considered prevailing. *Bridgeport Music, Inc. v. London Music, U.K.*, 226 Fed. Appx. 491, 493 (6th Cir. 2007) (quoting *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)); *see also Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005). A party that "has secured a judgment on the merits," falls squarely within the definition of what it means to be a prevailing party. *Claiborne*, 414 F.3d at 719 (citing *Buckhannon*, 532 U.S. at 603-04)). Plaintiff-Intervenor is a prevailing party because a jury returned a verdict in her favor on the merits of her civil claims. ECF No. 176 at 5.

Additionally, Plaintiff-Intervenor complied with the procedural requirements by making a timely Motion before the Court with the required information. ECF No. 179. Plaintiff-Intervenor

2

is therefore able to recover costs and attorney fees. FED. R. CIV. P. 54(d); 42 U.S.C. § 3613(c)(2). The remaining question is how much to award Plaintiff-Intervenor.

## II.     PLAINTIFF-INTERVENOR MAY RECOVER $9,460.47 IN COSTS

Federal Rule of Civil Procedure 54(d)(1) and 42 U.S.C. § 3613(c)(2) allow for the recovery of court costs for the prevailing party. There is no qualifying language as to the reasonableness of court costs; instead, there is "a presumption in favor of awarding costs" to prevailing parties. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

Here, Plaintiff-Intervenor submitted an exhibit that itemized the costs incurred as a result of this litigation covering the period of November 13, 2019, until November 30, 2022. ECF No. 179-4. Although Defendant generally objected to the award of costs, he raised no specific objection to any of the entries listed in Plaintiff-Intervenor's exhibit.

Upon reviewing the itemized costs, and absent any substantive objection from Defendant, the Court takes no issue with any of the itemized amounts. As such, the Court will **GRANT** Plaintiff-Intervenor's Motion for the award of costs in the requested amount of $9,460.47.

## III.    PLAINTIFF-INTERVENOR MAY RECOVER $92,700 IN FEES

Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 3613(c)(2) also allow for the recovery of attorney fees for the prevailing party. Attorney fees are generally calculated by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

3

rate."[2] *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983).[3] This is referred to as the "lodestar" amount. *Riverside v. Rivera*, 477 U.S. 561, 568 (1986). This is the "initial estimate of the value of the lawyer's services." *Hensley*, 461 U.S. at 433.

The "reasonable hourly rate" is the "prevailing market rate in the relevant community." *Echols*, 857 Fed. Appx. at 226 (quoting *Riverside*, 477 U.S. at 568). Importantly, courts should not include in this lodestar amount "hours that were not reasonably expended" or that were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434 (internal quotations omitted). Those fees that would not be billed to one's client will not be "billed to one's *adversary* pursuant to statutory authority." *Id.* (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The party moving for the award of fees "bears the burden of proof on the number of hours expended and the rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

A party may recover fees for those hours spent preparing for and litigating claims that do not ultimately succeed. *Hensley*, 461 U.S. at 435. Where unsuccessful claims are so intertwined with successful ones that the hours logged cannot be meaningfully separated, courts may still award fees as to those hours. *Id*. However, where there is a "de minimis or purely 'technical victory [that] may be so insignificant . . . as to be insufficient to support prevailing party status'" an award

---

[2] Much of the case law regarding the award of attorney fees from civil litigation relates to the statutory provision found under 42 U.S.C. § 1988. Plaintiff-Intervenor here proceeds to recover attorney fees under 42 U.S.C. § 3613. Because "the language used in both provisions is virtually identical, they have been interpreted similarly by the courts." *Cleveland v. Ibrahim*, 121 Fed. Appx. 88, 90 (6th Cir. 2005) (citing *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n. 2 (1989)); *see also Echols v. Express Auto, Inc*., 857 Fed. Appx. 224, 226 (6th Cir. 2021) ("[C]ourts have often borrowed from § 1988(b)'s jurisprudence when analyzing related fee-shifting statutes.").

[3] The statute underlying the Supreme Court's decision in *Hensley* was later amended by the Prison Litigation Reform Act. However, the substance of that amendment does not alter the Court's analysis regarding attorney fees. *See Daimler Trust v. Pristine Annapolis, LLC*, 2016 U.S. Dist. LEXIS 75014, at n.5 (D. Ct. Md. June 7, 2016).

of fees may not be appropriate. *Wood v. Willis*, 631 Fed. Appx. 359, 364 (6th Cir. 2015) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (alteration in original)).

When a court reduces the number of hours awarded, it must "state with some particularity which hours it [is] accepting and rejecting." *Woods*, 631 Fed. Appx. at 366. At times, equity requires courts to reduce the fee amount ultimately awarded. Therefore, once the lodestar amount is calculated, courts then consider the *Johnson* factors to avoid creating a "windfall" for prevailing attorneys. *Echols,* 857 Fed. Appx. at 226-27. There are twelve *Johnson* factors:

> (1) The time and labor required . . . (2) The novelty and difficulty of the questions . . . (3) The skill requisite to perform the legal service properly . . . (4) The preclusion of other employment by the attorney due to acceptance of the case . . . (5) The customary fee . . . (6) Whether the fee is fixed or contingent . . . (7) Time limitations imposed by the client or the circumstances . . . (8) The amount involved and the results obtained . . . (9) The experience, reputation, and ability of the attorneys . . . (10) The "undesireability" of the case . . . (11) The nature and length of the professional relationship with the client . . . [and] (12) Awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). According to the Supreme Court, the "most critical factor is the degree of success obtained." *Hensley*, 461 U.S. 124. If the court decides to reduce the ultimate award, it "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.*

**A.   THE LODESTAR AMOUNT**

Plaintiff-Intervenor seeks attorney fees in the amount of $198,750. ECF No. 179 at 2. This figure was calculated based on an hourly rate of $300 multiplied by 662.5 hours expended for Attorney DiMarco's representation. ECF No. 179-2 at 6.

<u>1. The Hourly Rate is Reasonable</u>

5

Attorney DiMarco claims an hourly rate of $300, which he argues is warranted based on his "broad and deep experience, having practiced over [five] years in various areas of civil law with . . . especial focus on housing law and the Federal Fair Housing Act." ECF No. 179-2 at 6. According to Attorney DiMarco's Declaration, he has served as an attorney with West Tennessee Legal Services since 2017, primarily focusing on housing and public benefit issues. ECF No. 179-5 at ¶ 6. This case was Attorney DiMarco's first jury trial and was his first case in the United States District Court for the Western District of Tennessee. ECF No. 179-5 at ¶ 23; ECF No. 179-3 at 34.[4] Additionally, Attorney DiMarco included as an exhibit the Declaration of Attorney Michael L. Weinman. ECF No. 179-6. Attorney Weinman asserts in a recent case he billed a client $400 in an employment law case before this Court. ECF No. 179-6 at 2. Attorney Weinman has thirty years of litigation experience. ECF No. 179-6 at 1.

Defense counsel, Attorney Noble Grant, asserts that this rate is unreasonable. ECF No. 182-1 at 3. This assertion appears to be based on the following facts: 1) Attorney Grant has been practicing law for approximately 13 years; 2) nearly 95% of his practice "consists of litigation" and 3) he charged only $250.00 per hour. ECF No. 182-2 at 1-2; ECF No. 182-1 at 3. The inference the Court draws from Attorney Grant's objection is that Attorney DiMarco's requested rate is unreasonable because Attorney Grant is a more experienced attorney and litigator, and yet he charged a lesser fee to his client in this case.

The Court takes no issue with the hourly rate of $300. The question is not whether an attorney fee is reasonable when compared to opposing counsel's fee, as Attorney Grant urges. The

---

[4] Attorney DiMarco states that he has "tried a multitude of cases in every level of Tennessee trial court, state administrative agencies, federal administrative agencies, and [U.S.] District Court." ECF No. 179-5 at ¶ 19. Attorney DiMarco also provided information that shows he was not yet admitted to practice in this District at the onset of this litigation, but was admitted in October 2018. ECF No. 179-5 at ¶ 16.

question is whether the fee charged is reasonable in light of the "prevailing market rate in the relevant community." *Echols*, 857 Fed. Appx. at 226 (quoting *Riverside*, 477 U.S. at 568). The Court, familiar with rates in the Western District of Tennessee, is not persuaded that $300 is an unreasonable rate for federal litigation. Therefore, the Court will calculate the attorney fee requested using a $300 per hour rate.

### 2. The Billable Hours Must Be Reduced

Upon review of the submitted Exhibit highlighting the billable hours, the Court must reduce the total hours Attorney DiMarco claims are recoverable. ECF No. 179-3. It is the burden of the moving party to prove "the number of hours expended." *Woods*, 631 Fed. Appx. at 365. In short, the "court must conclude that the party seeking the award has sufficiently documented its claim." *Id*. (quoting *Imwalle v. Reliance Med. Prods*., 515 F.3d 531, 552 (6th Cir. 2008)).

Attorney DiMarco claims a total of 662.5 hours of work in this case. ECF No. 179-2 at 6. The federal statute allowing Attorney DiMarco to proceed in this Motion provides that the victor in litigation may recover "reasonable attorney's fee[s] and costs." 42 U.S.C. § 3613(c)(2). The Supreme Court has provided in the analogous statute found in 42 U.S.C. § 1988 that the reasonable fee is to compensate for "the work product of an attorney." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989).

This means that courts must distinguish between those hours spent in the pursuit of a truly legal end and those hours that may qualify as "purely clerical or secretarial tasks" because those may not be recoverable at the attorney's hourly rate. *Stuart v. Metro. Gov't of Nashville and Davidson Cnty.*, 679 F. Supp. 2d 851, 863 (M.D. Tenn. Dec. 21, 2009). Just because work is done by an attorney does not make it legal work. *Herron v. Trenton Special Sch. Dist*., 2021 U.S. Dist. LEXIS 165916, at *6 (W.D. Tenn. Sept. 1, 2021). Essentially, there are hours attorneys spend to

advance litigation that are more appropriately considered "overhead costs" than hours billable to a client. *Edmo v. Idaho Dep't of Corr.*, 2022 U.S. Dist. LEXIS 207537, at *26 (D. Idaho Dept. 30, 2022).

However, in civil rights litigation, parties *may* recover fees for time spent pursuing unsuccessful claims. *Id*. at 435. This is true where a plaintiff brings multiple "claims for relief" where there is a "common core of facts" or the claims "will be based on related legal theories." *Id*. But courts should exclude hours logged pursuing unsuccessful claims that are "distinct in all respects from [the] successful claims." *Id*. at 440.

Defense counsel objects, as a general matter, to the number of hours Attorney DiMarco logged. Attorney Grant asserts a comparative analysis claiming that 662.5 is excessive in light of the only 337.2 hours Attorney Grant logged. ECF No. 182-1 at 2-3. But again, the ultimate question is not answered by comparison—it is answered by reasonableness. *Hensley*, 461 U.S. at 432. More important, the Court finds this argument unpersuasive. As the Ninth Circuit once noted, it is up to an attorney's "professional judgment as to how much time" each case may require. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Because "after all, [the prevailing attorney] won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112. While Defense counsel logged less time through the course of this litigation, his posture was different. Here, Attorney DiMarco, representing Plaintiff-Intervenor, had to work closely with both the Department of Justice and his client.

Next, Defense counsel objects to a handful of specific types of entries. First, Attorney Grant highlights that Attorney DiMarco included "time for work related to Ms. Renee Jones whose claims were ultimately dismissed by this Court." ECF No. 182-1 at 3. Additionally, Attorney DiMarco included hours logged so that he could "be admitted to practice before this Court." ECF

No. 182-1 at 3.

As to the first objection, Defense counsel is correct that Ms. Jones's claims were dismissed without prejudice on January 27, 2020. ECF No. 68. Therefore, she was not a party to the case when judgment was entered and cannot be considered a prevailing party. Upon reviewing the submitted hours log, the Court agrees with Defendant's observation that there are entries, although labeled as "Diana N Yarborough" under the "Client Name" heading, that indicate Attorney DiMarco placed calls to Ms. Jones. *E.g.*, ECF No. 179-3 at 20, 22. There are also entries for those hours Attorney DiMarco spent coordinating with the Department of Justice regarding issues with Ms. Jones's participation in the case. ECF No. 179-3 at 23. There is also time logged for coordinating Ms. Jones's deposition. ECF No. 179-3 at 17. This is important because it is apparent Attorney DiMarco included some communications and logged some hours related to Ms. Jones on the same file he logged hours related to Ms. Yarborough. Yet, Attorney DiMarco redacted parts of his log leaving several entries with simple acronyms: PC to CL.

The Court understands this type of entry to mean he placed a call to a client. However, by redacting names, the Court cannot ensure that it is awarding hours logged for communications with the prevailing client or the dismissed client. And because Attorney DiMarco included hours logged that clearly related to Ms. Jones, the Court cannot be confident that each of these redacted communications were with only the prevailing client. It was Attorney DiMarco's burden to clearly communicate to the Court he is entitled to each hour listed in the log. While redacting some portions of the entries may have been appropriate to protect attorney-client privilege, redacting the identity of these clients as to each of these phone calls means Attorney DiMarco has not carried his burden in showing that these hours relate to the prevailing party he still represented at the end of litigation.

9

The Court's close review of the hour log submitted by Attorney DiMarco reveals 21.5 hours that the Court cannot award. This is because these hours were spent either in communication with a Plaintiff who was ultimately dismissed from the case, or the Court cannot verify the communications were with a party who ultimately succeeded in litigation. This reduction includes entries that related to representation of Ms. Jones and those entries that only include an annotation that a call was placed, but the Court is unable to determine to whom and towards what end. As such, the Court will reduce the requested total by 21.5 hours.

As to the second objection, the Court agrees that there are hours included in Attorney DiMarco's submission that amount to clerical tasks that cannot be recovered. By the Court's review, there are 23 clerical hours logged. Some of these hours are specifically itemized as "clerical" according to Attorney DiMarco's own activity code. These entries include details like accounting, forms, email, clerical tasks, file maintenance, and printing. Included in this sum of time are also those hours Attorney DiMarco spent pursuing admission to practice in Federal Court. ECF No. 179-3 at 32-34. Because an attorney cannot recover fees for those hours spent on clerical work, the Court will also reduce the total requested by 23 hours. In sum, the total amount of time requested by Attorney DiMarco will be reduced by 44.5 hours to a remaining 618 hours. Those hours, multiplied by the $300 rate, establish a lodestar figure of $185,400.

### B.   THE *JOHNSON* FACTORS

Turning to the *Johnson* factors, the Court is persuaded that an additional reduction is necessary in this case to avoid creating a windfall for Plaintiff-Intervenor. Of the twelve factors, there are two that counsel such a reduction: (1) the time and labor required and (2) the amount involved and results obtained.

Taking the time and labor required first, this factor considers how many attorneys were

involved in the litigation and whether their inclusion was "excessive, redundant, or otherwise unnecessary." *Herron*, 2021 U.S. Dist. LEXIS 165916, at *13 (quoting *Hensley*, 461 U.S. at 434). The Court notes that Attorney DiMarco represented an intervenor to this case. The U.S. Department of Justice, acting on behalf of the United States of America, ultimately prosecuted this civil case. There are five attorneys from the Department of Justice noticed for Plaintiff. Attorney DiMarco, and another attorney for West Tennessee Legal Services, filed Notices of Appearance on behalf of Plaintiff-Intervenor. ECF Nos. 17-18; ECF Nos. 21-22. On balance, the Court finds that Attorney DiMarco's role in litigating this case was not that of lead attorney. The Department of Justice bore the burden of responsibility in this litigation. Thus, the Court finds that the time and labor required, as it relates to Attorney DiMarco's role, counsels in favor of a fee reduction.

Taking the amount involved and the results obtained next, the Court notes that in the Sixth Circuit, "the degree of success obtained is the most important factor in determining the reasonableness of a fee award." *Kentucky Rest. Concepts, Inc. v. City of Louisville*, 117 Fed. Appx. 415, 420 (6th Cir. 2004). When evaluating the results obtained, there are "two questions: 'First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which [she] succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?'" *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994)).

The Court cannot deny that Plaintiff-Intervenor obtained a judgment in her favor. The jury in this case returned a verdict form showing that Defendant sexually harassed Plaintiff-Intervenor. ECF No. 176 at 5. However, two of Plaintiff-Intervenor's state law claims were dismissed before trial because the District Court declined to exercise supplemental jurisdiction. ECF No. 47 at 5. While Plaintiff-Intervenor did recover for her remaining claims, generally, the Court places great

weight on the second part of the inquiry: whether the level of success achieved makes the fee award reasonable. In light of the amount of recovery obtained by Plaintiff-Intervenor, the Court finds it necessary to reduce the overall fee awarded.

The Court is persuaded by Sixth Circuit precedent on this issue. First, in *Kentucky Restaurant Concepts Inc.*, the Sixth Circuit upheld a 35% fee reduction because counsel obtained a "'good' but not 'excellent' result." 117 Fed. Appx. at 421-22. The dividing line between "good" and "excellent" was based on the fact that plaintiffs in that case "end[ed] up with a permanent injunction in their favor, [but] the Court's ruling represent[ed] less than a complete victory." *Id.* at 421.

While this case presented issues unrelated to injunctive measures, the qualitative line between "good" and "excellent" is rather apparent. As Defendant points out, Plaintiff-Intervenor recovered only 9% of the monetary damages she sought at the beginning of trial. ECF No. 182-1 at 2. While there may not be a clear demarcation line between good and excellent when it comes to results in litigation, a 9% recovery clearly falls on the side of good—not excellent.

A more recent case out of this District further illustrates that an across-the-board reduction based on the results obtained is warranted in this case. In *Herron*, the district court reduced the lodestar amount calculated by 40%. 2021 U.S. Dist. LEXIS 165916, at *15. In reviewing the jury award, the court noted that plaintiff recovered "about 26% of what Plaintiff requested at trial." *Id.* at *8. More important, the fees and expenses plaintiff's attorneys sought in that case amounted to "1,762% more . . . than a jury awarded their client." *Id*.

Again, Plaintiff-Intervenor here recovered only 9% of her damages sought, which is much less than the 26% recovered in *Herron*. But just like *Herron*, counsel here is seeking an award of fees that is a seventeen-fold increase over the award his client won at trial. Here, Attorney

DiMarco's request of $198,750 in fees is a 1,728% increase of the $11,500 sum the jury awarded his client. The Court simply cannot justify such a departure.

The Court finds that the remaining *Johnson* factors neither weigh in favor of a reduction, nor an increase, in the awarded fees. Based on the time and labor involved and the results obtained, the Court finds that a 50% overall reduction in the lodestar amount is appropriate in this case. Applying that reduction, the Court will award Attorney DiMarco $92,700 in attorney's fees.[5]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff-Intervenor is entitled to $92,700 in attorney's fees and $9,460.47 in costs and expenses. The sum of this award is $102,160.47.

IT IS SO ORDERED this the 13th day of June, 2023.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[5] The lodestar amount of $185,400 reduced by 35% is $120,510.